UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

AJHAWE GUILLAUME,

       Plaintiff,

  -against-

The City of New York; Police Officer CESAR REYES (Shield No. 13929); Police Officers JOHN and JANE DOES 1 through; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

       Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## **NATURE OF THE ACTION**

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## **JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Ajhawe Guillaume ("plaintiff" or "Mr. Guillaume") is a resident of Kings County in the City and the State of New York.

7. Defendant Cesar Reyes (Reyes") is a police officer employed by the City of New York and the NYPD. Defendant Reyes is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 5:15 p.m. on May 19, 2015 Mr. Guillaume was lawfully

in the vicinity of 2729 East 33rd Street in Coney Island, Brooklyn, New York.

13. Plaintiff was waiting for his six year-old nephew.

13. Plaintiff was going to escort his nephew home from school.

14. Defendants, including Reyes, approached plaintiff and began questioning him.

15. Plaintiff objected to the questioning and made an incredulous face at defendants.

16. Defendant Reyes, angered, told plaintiff he thought that he had seen plaintiff riding his bike on the sidewalk earlier that day.

17. Plaintiff did not have a bike and had not ridden a bike that entire day.

18. Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants handcuffed plaintiff and placed him under arrest.

19. After being taken to the precinct, plaintiff was taken to Brooklyn Central Booking.

20. At Brooklyn Central Booking plaintiff was charged with Riding a Bicycle on the Sidewalk.

21. Defendant officers misrepresented to the Kings County District Attorney's Office that plaintiff had committed this offense.

22. The officers had not observed plaintiff engaged in unlawful activity or

3

conduct.

23. At arraignment, plaintiff received an ACD and was released.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

33. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Monell

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

37. The City, through its police department, has had and still has

5

hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

38. The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

39. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

40. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

41. These policies, practices, and customs were the moving force behind plaintiffs' injuries

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:  March 8, 2016
        New York, New York

                                        /s
                                        Robert Marinelli
                                        305 Broadway, 9th Floor
                                        New York, New York 10007
                                        (212) 822-1427

                                        *Attorney for plaintiff*